JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07254 PA (PJWx) | Date | August 14, 2020 |
|---|---|---|---|
| Title | Laura Gershenson v. Veolia Water North America-West, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS

    Before the Court is a Notice of Removal filed by defendant Veolia Water North America-West, LLC ("Defendant").  Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Laura Gershenson ("Plaintiff") based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

    In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).  The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

    In an effort to establish the Court's diversity jurisdiction, Defendant's Notice of Removal alleges that Defendant "was at the time of filing of the Complaint, and still is, a limited liability company

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-07254 PA (PJWx) | Date | August 14, 2020 |
|---|---|---|---|
| Title | Laura Gershenson v. Veolia Water North America-West, LLC | | |

formed under the laws of the State of Delaware. . . . Therefore, Defendant . . . was at the time the Complaint was filed in state court, and still is, a citizen of the State of Delaware." (Removal ¶ 15.) Defendant's Notice of Removal further states Defendant is "comprised of one other member: Veolia Water North America Operating Services, LLC." (Id. ¶ 16.) According to the Notice of Removal, Veolia Water North America Operating Services, LLC's sole member is "Veolia Water Americas, LLC. (Id. ¶ 17.) According to Defendant's Notice of Removal, Veolia Water Americas, LLC "is now, and ever since this action commenced has been, a limited liability company organized under the laws of the state of Delaware." (Id. ¶ 18.) "Therefore, Defendant at the time the Complaint was filed in state court, and still is, a citizen of the State of Delaware." (Id. ¶ 19.)

As a limited liability company, Defendant's citizenship is determined by the citizenship of each of its members, which Defendant has not alleged. Specifically, the Notice of Removal attempts to allege Defendant's citizenship as if it were a corporation, rather than as an LLC. In addition, Defendant alleges it's member's citizenship as though its members were corporations rather than LLCs. For example, Veolia Water Americas, LLC's citizenship is not the state under which its laws are organized. Veolia Water America, LLC's citizenship is the citizenship of each of its members, which Defendant has not alleged. As a result, Defendant has not satisfactorily alleged its own citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. Moreover, a defendant is presumed to know the facts surrounding its own citizenship. See, e.g., Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014); Cretian v. Job1USA, Inc., No. 09-CV-770-ST, 2009 WL 4841039, at *1 (D. Or. Dec. 11, 2009) ("Defendant is presumed to know its own citizenship; indeed it is in the best position to know it for purposes of removal."). By failing to allege its members' citizenship, Defendant has failed to establish its citizenship and, therefore, this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles Superior Court, Case No. 20STCV25430, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.